**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN O'CONNELL,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:03cv706 |
| | ) | Electronic Filing |
| **DALE WILLIAMS, JOHN WILLIAMS,** | ) | |
| **JOSEPH MAZURKIEWICZ,** | ) | Judge David Stewart Cercone |
| **JOHN BARRY JOHNSON, and** | ) | Magistrate Judge Lenihan |
| **JEFFREY A. BEARD,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 24th day of March, 2006, after <u>de novo</u> review of the record and upon due consideration of the magistrate judge's report and recommendation filed on March 3, 2006, and plaintiff's objections thereto, IT IS ORDERED that the Defendants' Motion for Summary Judgement (Doc. No. 66) be, and the same hereby is, granted; and

IT FURTHER IS ORDERED that plaintiff's motions to compel, for discovery and for miscellaneous relief (Doc. No.s 57, 59, 62 & 76) be, and the same hereby are, denied as moot. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. As noted in the magistrate's report, plaintiff's remaining claim against defendants Dale Williams, John Williams and Joseph Mazurkiewicz is one under the Eighth Amendment for failure to protect and the critical shortcoming facing plaintiff is that he failed to identify or raise any circumstances with prison officials that would support an inference that they were deliberately indifferent to or disregarded a substantial risk to plaintiff's safety. In fact, the background and setting upon which plaintiff founded his claim establish that there was no basis for prison officials to believe or be aware of circumstances suggesting that the situation had escalated to the point where Greene posed a serious risk of physical harm to plaintiff. And prison officials were in the process of accommodating plaintiff's

request to be moved to a new cell in light of the squabbling and deteriorating relationship that was developing, which is far short of the types of obduracy and wantonness with which the Eighth Amendment is concerned.

Against this backdrop plaintiff's objections based on the magnitude of his injuries and the failure to obtain incident reports and medical reports that would corroborate the same are misplaced, as are his complaints that he has been unable to obtain the statements of witnesses to the attack. The brutality of Greene's attack and the repercussions therefrom are not in question. Whether defendants consciously disregarded an excessive risk of harm to plaintiff's physical safety by not acting on his cell change request is the central question and neither plaintiff's objections to the magistrate's report and recommendation nor the areas of disclosure sought in his miscellaneous discovery motions are capable of undoing the import of his prior allegations and testimony bearing on this question. For example, the complaint filed against Greene by his exwife that lead to Greene's conviction (see Doc. No. 76) simply has no relevancy to the volatility of the situation between plaintiff and Greene during the time in question and the defendants' knowledge or lack thereof. Nor do Greene's medical file or the photographs of the scene taken by medical personnel after the attack. It follows that defendant's motion for summary judgement must be granted and plaintiff's pending motions denied as moot.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Honorable Lisa Pupo Lenihan
       U.S. Magistrate Judge

       Warren O'Connell
       ES-9984
       SCI Houtzdale
       P. O. Box 1000
       Houtzdale, PA 16698-1000

       Mary Lynch Friedline, Esquire
       Susan J. Forney, Esquire
       Office of the Attorney General
       Fifth Floor, Manor Complex
       564 Forbes Avenue
       Pittsburgh, PA 15219